Marvin Miller appeals the Gallia County Court of Common Pleas' determination that he is a habitual sexual offender and assigns the following errors:
First Assignment of Error:
 The trial court erred in labeling Marvin Miller a habitual sexual offender because R.C. Chapter 2950, as amended by H.B. 180, is unconstitutional as applied to Mr. Miller, whose offenses were committed before the effective date of the amendment. The law's retroactive application violates the Ex Post Facto Clause of the United States Constitution * * *.
Second Assignment of Error:
 The trial court committed plain error in labeling Marvin Miller a habitual sexual offender because R.C. Chapter 2950, as amended by H.B. 180 and as applied to Mr. Miller, constitutes double jeopardy, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article, I, Section 10 of the Ohio Constitution * * *.
In 1987, appellant was convicted of rape in violation of R.C.2907.02. In 1998, the Gallia County Court of Common Pleas ordered appellant to appear for a sexual predator hearing. After he was appointed counsel, appellant filed a motion to dismiss the proceedings alleging that they violated several constitutional provisions, including the prohibition against ex post facto laws and double jeopardy. The trial court overruled appellant's motion. The parties then stipulated that appellant was a habitual sexual predator.[1]
In his first assignment of error, appellant asserts that R.C. Chapter 2950 violates the prohibition against ex post facto laws of the United States Constitution. "[T]he registration and notification provisions of R.C. Chapter 2950 do not violate theEx Post Facto Clause [of the United States Constitution] because its provisions serve the remedial character of protecting the public." State v. Cook (1998) 83 Ohio St.3d 404, 423. We find no merit in appellant's first assignment of error and overrule it.
In his second assignment of error, appellant argues that labeling him as a habitual sexual offender violates the prohibition against double jeopardy of the Ohio and United States Constitutions. We addressed an identical argument[2] in Statev. Penix (Mar. 9, 1999), Jackson App. No. 98CA831, unreported, by stating:
 We note that in Cook the Ohio Supreme Court did not address the double jeopardy issue. We agree, however, with the majority of the Ohio courts that have held that Ohio's sexual predator classification scheme does not violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. See State v. Johnson (Dec. 31, 1998), Lucas App. No. L-98-1202, citing State v. Gustafson (1996), 76 Ohio St.3d 425; State v. Thomas (Dec. 31, 1998), Montgomery App. No. 17181, unreported; State v. Nuckols, (Aug. 26, 1998), Wayne App. No. 97CA76, unreported; State v. Duvall (Dec. 30, 1998), Lorain 97CA6863, unreported. Those courts have noted that the Ohio Supreme Court's Cook decision held that the sexual predator provisions are remedial, not punitive. Thus, the classification scheme does not punish appellant twice for the same conduct.
We find no merit in appellant's argument and overrule his second assignment of error.
In sum, we have overruled all of appellant's assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Evans, J.: Concur in Judgment and Opinion.
For the Court
 BY: ________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] A "habitual sex offender," as defined by R.C. 2950.01(B), is required to register with law enforcement as provided by R.C. Chapter 2950, but the community is not notified unless the court has specifically imposed such a requirement. See RC.2950.11.
[2] Penix's second assignment of error provided:
 "R.C. Chapter 2950, as amended by H.B. 180, is unconstitutional as applied to Penix because it violates the state and federal constitutional proscriptions against double jeopardy arising from multiple punishments for the same offense."